UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELODY SCHEXNADYRE                              CIVIL ACTION

VERSUS                                          NUMBER: 13-0279

ENTERGY OPERATIONS, INC.                        SECTION: "S"(5)

**ORDER AND REASONS**

Presently before the Court in this 28 U.S.C. §636(c) consent case is the motion for partial summary judgment of Defendant, Entergy Operations, Inc. ("Entergy"). (Rec. doc. 67). Plaintiff has filed no memorandum in opposition to Defendant's motion.[1] For the reasons that follow, it is ordered that Defendant's motion is granted and that the claims that are the subject of its motion are dismissed.

The above-captioned matter is an action under Title VII and 42 U.S.C. §1981 based on alleged sex discrimination/sexually hostile work environment and retaliation with a pendent state law claim for intentional infliction of emotional distress. (Rec. doc. 1). By way of its present motion, Entergy moves for the dismissal, as untimely, of any Title VII violations that occurred before June 5, 2010; the dismissal of Plaintiff's state law claim as prescribed; and, the dismissal of any claims premised upon §1981. As noted above, no opposition to Defendant's motion, which was set for submission on January 27, 2016, was filed by Plaintiff, timely or otherwise. Accordingly, the motion is deemed to be unopposed and may thus be

---

[1] As Plaintiff has filed no memorandum in response to Defendant's motion, timely or otherwise, the Court may properly assume that she has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

granted on that basis as long as the motion has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001). Of course, on a motion like the present one, summary judgment is appropriate under Rule 56(c) when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).

Defendant first moves for the dismissal, as untimely, of Plaintiff's Title VII claims for events that occurred prior to June 5, 2010. In a deferral state like Louisiana, an aggrieved individual must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. *Conner v. Louisiana Dept. of Health and Hospitals*, 247 Fed.Appx. 480, 481 (5th Cir. 2007). The individual must then file suit within 90 days of receiving a notice-of-right-to-sue from the EEOC. *Firle v. Mississippi State Dept. of Education*, 762 F.2d 487, 488 (5th Cir. 1985). As correctly pointed out by Defendant, although Plaintiff has filed a number of charges of discrimination with the EEOC, the only charges as to which she timely filed suit were those that she lodged with the EEOC on March 31, 2011 and April 5, 2011, both of which concerned acts of alleged discrimination that occurred from July 1, 2010 until March 31, 2011 (the date of her termination). (Rec. docs. 67-4, pp. 2-3; 67-1, pp. 43, 44). That range of dates falls within the 300-day period preceding March 31, 2011. However, any acts that pre-dated June 5, 2010 were not timely exhausted and will therefore be dismissed.

Next, Defendant moves for the dismissal of Plaintiff's state-law claim for intentional infliction of emotional distress as prescribed. Such a tort claim is subject to Louisiana's one-year prescriptive period set forth in LSA-C.C. Art. 3492. *Roth v. N.J. Malin & Associates, Inc.*, No. 98-CV-1793, 1998 WL 898367 at *2 (E.D. La. Dec. 21, 1998). Plaintiff's last day of

employment with Defendant being March 31, 2011 and suit not being filed until February 14, 2013, Plaintiff's claim for intentional infliction of emotional distress is clearly prescribed, given that her filing of a charge of discrimination with the EEOC does not operate to toll, interrupt, or suspend the running of prescription. *Id.* at *5-6.

Finally, Defendant seeks the dismissal of Plaintiff's claim under §1981, as no acts of racial discrimination are pleaded in her complaint. By its very wording, §1981 proscribes racial discrimination and allegations of gender-based discrimination do not fall within its purview. *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342-45 (5th Cir. 1981), *cert. denied*, 456 U.S. 933, 102 S.Ct. 1985 (1982).

For the foregoing reasons, it is ordered that Defendant's motion for partial summary judgment is granted.

New Orleans, Louisiana, this  27th  day of _____January_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE