UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELODY SCHEXNAYDRE                                      CIVIL ACTION

VERSUS                                                  NUMBER: 13-0279

ENTERGY OPERATIONS, INC.                                SECTION: "S"(5)

### ORDER AND REASONS

Presently before the Court is Plaintiff's "motion to continue hearing on Defendant's motion for summary judgment or alternatively motion to submit opposition untimely." (Rec. doc. 79). Pursuant to a companion motion that was filed by Plaintiff (rec. doc. 80), Plaintiff's motion to continue is being considered on an expedited basis. (Rec. doc. 83). Also before the Court is Defendant's memorandum in opposition to the motion to continue as well as a reply brief from Plaintiff. (Rec. docs. 84, 85-3). For the reasons that follow, Plaintiff's motion to continue or to submit opposition untimely is denied.

Earlier on in this case, the Court was called upon to consider a defense motion for sanctions and to upset what was then the third trial setting before the District Judge. (Rec. doc. 40). That motion was primarily premised upon Plaintiff's failure to comply with an order previously issued by the undersigned granting Defendant's motion to compel as unopposed. (Rec. doc. 39). After due briefing by the parties, Defendant's motion for sanctions and to continue was heard on September 10, 2014, at which time the Court declined to issue sanctions against Plaintiff. (Rec. docs. 41, 45, 46). The Court separately issued a Report and Recommendation ("R&R") regarding Defendant's request for a continuance of the third trial setting, recommending that the request be granted but that it be the last such continuance. (Rec. doc. 47). In doing so, the Court emphasized its

responsibility to control its docket and to bring cases to trial in a reasonably prompt fashion. (*Id.* at p. 3)(citing *McNeal v. Papson*, 842 F.2d 787, 789 (5th Cir. 1988)).  The procedural history set forth in that R&R is adopted herein by reference as if copied *in extenso*.  The Court thus need only recall the events that have transpired subsequent to the issuance of the R&R.

On September 29, 2014, yet another scheduling conference was held by the District Judge's Case Manager at which respective pre-trial conference and trial dates of August 20, 2015 and September 14, 2015 were scheduled before the District Judge. (Rec. doc. 49).  After the dispositive motion deadline was again extended by the District Judge (rec. doc. 57), the parties were directed to contact this Court to schedule a settlement conference.  (Rec. doc. 58).

Around this time, the parties consented to proceed to trial before the undersigned pursuant to 28 U.S.C. §636(c), in what can only be characterized as an attempt to avoid the effect of the rapidly-approaching deadlines that had been established by the District Judge. (Rec. doc. 61).  Co-counsel for Plaintiff was allowed to enroll on August 3, 2015.  (Rec. doc. 64).  Because the dates that were then in effect failed to comport with this Court's calendar, those dates were vacated and yet another scheduling conference was held on August 20, 2015 at which pre-trial conference and trial dates of March 15, 2016 and April 18, 2016 were established.  (Rec. docs. 65, 66).  This was the <u>fifth</u> trial setting in this rather uncomplicated case.

Notably for purposes of the present motions, pursuant to the current scheduling order, all pre-trial motions were to be filed and served in sufficient time to permit a hearing thereon no later than February 10, 2016.  (Rec. doc. 66, p. 1).  The scheduling order further provides that the deadlines set forth therein may only be extended upon a timely-filed

2

motion in compliance with the Local Rules and upon a showing of good cause. (*Id.* at p. 3). In conformance with the scheduling order, Defendant first filed a motion for partial summary judgment that, at the request of the parties, was submitted on the briefs on January 27, 2016. (Rec. docs. 67, 68, 69). Plaintiff filed no memorandum in opposition to that motion, timely or otherwise, and said motion was granted on January 28, 2016. (Rec. doc. 73).

In the interim, on January 26, 2016, Defendant had filed its now-pending motion for summary judgment, setting it for submission on February 10, 2016. (Rec. docs. 72, 72-14). Contrary to Plaintiff's unfounded assertion otherwise, that motion was timely-filed pursuant to both the Court's scheduling order and Local Rule 7.2 which provides that motions be filed no later than 15 days before the noticed submission date. A review of the Court's CM/ECF system reveals that, upon the timely filing of that motion, notice of the filing was electronically to Plaintiff's lead counsel via no less than three email separate addresses she had provided for that purpose and to a fourth provided by her co-counsel as well.[1]

Local Rule 7.5 further provides that a party opposing a motion must file a memorandum in opposition to the motion no later than eight days before the noticed submission date. To be timely, then, Plaintiff's opposition to Defendant's motion for summary judgment had to be filed no later than February 2, 2016. No such timely opposition was filed by Plaintiff. Although the Court issued an order on February 1, 2016 that was entered in the record the following day scheduling oral argument on Defendant's motion for February 10, 2016 (the noticed submission date), oral argument was cancelled on February

---

[1] While Plaintiff's counsel complains in her motion to continue that "[t]here were only six (6) days between the filing of defendant's motion for summary judgment and the notice [to her] of the submission date," that statement is utterly belied by the evidence in the record that counsel was notified of the February 10, 2016 submission date some 15 days in advance of that date through four different email addresses.

3

5, 2015 in light of Plaintiff's failure to file a timely opposition as required by Local Rule 7.5. (Rec. docs. 74, 77).

A review of the record reveals that Plaintiff attempted to file the present motion to continue on February 5, 2016.  (Rec. doc. 76).  That motion was deemed to be deficient by the Clerk's Office as lacking a separate supporting memorandum as required by Local Rule 7.4 and a notice of submission as required by Local Rule 7.2.  Plaintiff then attempted to file a memorandum in opposition to Defendant's motion for summary judgment on February 7, 2016 but that filing was also deemed to be deficient as lacking a statement of material facts as required by Local Rule 56.2.  (Rec. doc. 78).  Without awaiting a ruling from the Court on her motion to continue or to submit an untimely memorandum in opposition to Defendant's dispositive motion, Plaintiff proceeded to file her untimely memorandum on February 8, 2016, along with a motion to submit certain exhibits under seal.  (Rec. docs. 81, 82).[2]  As noted earlier, pursuant to an expedited setting, Defendant's memorandum in opposition to Plaintiff's motion to continue and Plaintiff's reply brief thereto are now before the Court. (Rec. docs. 83, 84, 85-3).

District courts have broad discretion in determining whether or not to consider an untimely opposition to a motion for summary judgment.  *Nelson v. Star Enterprise*, 220 F.3d 587, 2000 WL 960513 at *1 (5th Cir. 2000)(citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) and *Lowndes v. Global Marine Drilling Co.*, 909 F.2d 818 (5th Cir. 1990)). Here, it is undisputed that Plaintiff failed to file her memorandum in opposition by February 2, 2016 as required by Local Rule 7.5, nor did she request an extension of time to do so prior

---

[2] All told, in connection with this one motion for summary judgment, Plaintiff's counsel has failed to understand – or has misconstrued – several Local Rules of this Court, including L.R. 7.2, 7.4, 7.5 and 56.2.  Three years into this litigation, these failures are not excusable; nor is blaming them on opposing counsel.

to the date that her filing deadline expired. *Southern United States Trade Assoc.*, No. 10-CV-1669, 2012 WL 262560 at *2 (E.D. La. Jan. 30, 2012); *Kerry v. Takeda Pharmaceuticals North America, Inc.*, No. 11-CV-2325, 2012 WL 117116 at *2 (E.D. La. Jan. 13, 2012). In her motion to continue and accompanying motion for expedited hearing, Plaintiff accuses the Defendant of violating the Local Rules by choosing a submission date of February 2, 2016. (Rec. doc. 80-2, p. 2).[3] In this regard, Plaintiff is wrong. The record is perfectly clear that Defendant timely filed its dispositive motion pursuant to the Court's scheduling order and the Local Rules on January 26, 2016 and properly noticed it for submission on February 10, 2016, making Plaintiff's opposition due on February 2, 2016. Whether the <u>seven</u> (not six) days allowed by the Local Rules for the preparation and filing of a timely opposition memorandum is unreasonable is a matter that is better directed to the District Court setting *en banc*.

Regardless of the working relationship between the two,[4] the fact remains that neither of Plaintiff's attorneys met the Court's filing deadline or moved to extend it before it expired. While Defendant's submission was voluminous, that circumstance alone underscores the importance in abiding by the established deadlines to allow the <u>Court</u> to consider the matter in a thoughtful and timely manner. And as pointed out by the Defendant, Plaintiff's untimely opposition memorandum is supported by exhibits that appear on their faces to be flatly at odds with the sworn deposition testimony that was taken in this case, requiring further motion practice on its part to ferret out the truth. The Court finds this would inevitably require additional adjustments to the scheduling order, which is the fifth

---

[3] Plaintiff appears to attempt a retreat from this charge in a brief footnote tucked away in her reply memorandum. (Rec. doc. 85-3, p. 2).

[4] Plaintiff's counsel insists she is a "solo practitioner," but the website she maintains with her co-counsel in this case identifies "Smith Minkin Law Group" as both lawyers' "own firm," opened by them in July 2015. *See* http://www.smithminkin.com/.

5

one entered in this case. (Rec. doc. 84, pp. 3-7). Plaintiff's arguments otherwise fail to establish good cause for a change to the Court's scheduling order under Rule 16, Fed. R. Civ. Pro. Accordingly, Defendant's motion for summary judgment is deemed to be unopposed. Further, upon careful review of that motion and the accompanying pleadings and exhibits, including the memorandum in support, statement of uncontested facts and the attached exhibits, including declarations under penalty of perjury of persons with personal knowledge of the facts and circumstances of Plaintiff's termination, the Court finds that that the motion has merit and, based upon its review of all the foregoing, it is ordered that Defendant's motion for summary judgment is granted.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within 15 days of this order. Because such a motion would not have been necessary had a timely memorandum in opposition been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration. *See* Fed. R. Civ. Pro. 16, 83. A statement of costs conforming to Local Rule 54.2 shall be submitted by the party desiring to be awarded costs and attorneys' fees no later than eight days prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 11th day of February, 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE